### C. J. GLEASON *v.* W. H. KELLOGG.

*Contract. Performance.*

An attorney sought to recover for charges in a matter wherein he had been professionally employed, and wherein his professional partner, as partner, had brought an action for the adverse party. *Held,* under the circumstances of the case, *q. v.,* that he could recover.

BOOK ACCOUNT. The plaintiff's account consisted of an item of $15, for consultation and retainer " in matters relating to farm trade", under date of December 4, 1871, and an item of $5, for consultation and time, under date of December 2, 1872. An auditor was appointed, who reported the following facts :

At some time prior to the date of the first item, the defendant made a trade with one Lilley, and therein took certain promissory notes, executed by Lilley and secured by a mortgage. Immediately thereafter, the defendant tried to effect a settlement with his creditors, and did settle with some of them, at a percentage. Among those settled with was one Bailey, who, on December 1, 1871, took fifty cents on the dollar of his debt, and gave a receipt in full of all demands. On the date of the first item, the defendant went to Montpelier, for the purpose of raising money on said notes, and called on the plaintiff, a lawyer, for assistance therein. The defendant then disclosed to the plaintiff the circumstances and particulars of said trade and his relations with his creditors. The plaintiff then understood that he was retained by the defendant, and made charge of the first item. The defendant did not understand that he then retained the plaintiff, but understood that

he retained him in an interview that he had with him soon afterwards. The scope of the retainer, whenever made, was understood alike by the plaintiff and the defendant, and was for advice and assistance in matters growing out of said trade, and in avoiding or defending trustee processes as against said notes, and in resisting proceedings in bankruptcy. The first item includes the services of the plaintiff in consultation at different times, and is a reasonable charge. January 1, 1872, the plaintiff and Henry K. Field went into partnership, as lawyers, under the firm name of Gleason & Field. Afterwards Bailey went to Field, at the office of Gleason & Field, with his debt against the defendant, claiming that the settlement thereof was effected by fraud, and on November 19, 1872, Field, as a partner of Gleason, and in the firm name of Gleason & Field, brought suit for Bailey against the defendant, returnable on the first Monday in the then next December, and therein summoned Lilley, who was then indebted to the defendant in said notes, as trustee of the defendant. After that suit was brought the defendant complained to the plaintiff because thereof, and insisted that he had retained the plaintiff in that matter. The plaintiff thereupon made charge of the second item ; and notified Bailey that he could not act for him in said suit ; and the suit was thereafter managed for Bailey by Field alone. Said suit was continued at the return day thereof, or allowed to stand open. The defendant employed counsel other than the plaintiff to attend to the same for him. The counsel so employed and the plaintiff neglected to appear when the suit was called for hearing, and judgment was rendered against the defendant by default. After the rendition of judgment a settlement was effected with Bailey, by the counsel employed by the defendant after the suit was brought. The plaintiff spent some time with and for the defendant in relation to the suit brought by Bailey, and the sum charged is a reasonable sum therefor. If upon the foregoing facts the plaintiff is entitled to recover, I allow the first item, with interest thereon, at the sum of $21.46, and the second item, with interest thereon, at the sum of $7.25, and find that there is due from the defendant to the plaintiff the sum of $28.71 to balance book accounts between them.

At the March Term, 1879, the court, REDFIELD, J., presiding, rendered judgment on the report for the plaintiff for $28.71 and costs; to which the defendant excepted.

*S. C. Shurtleff,* for the defendant.

The plaintiff, not having performed the service for which he was retained, is not entitled to recover. *Nixon* v. *Phelps,* 29 Vt. 198.

The firm had no more right to bring the action than the plaintiff had. Counsel cannot appear on both sides of a case. *Herrick* v. *Catley,* 30 How. Pr. 208 ; *Valentine* v. *Stewart,* 15 Cal. 387 ; *Gaulden* v. *State,* 11 Ga. 47.

*Gleason & Field,* for the plaintiff.

The plaintiff was employed; he rendered services; and his charges therefor are found to be reasonable: he is entitled to recover in the absence of reason to the contrary. *Vilas* v. *Downer,* 21 Vt. 419 ; *Smith* v. *Davis,* 45 N. H. 566.

It is found that the defendant had settled with Bailey before he retained the plaintiff. It follows that the plaintiff could not have understood that he was retained against Bailey.

The plaintiff cannot be charged with negligence, because the auditor has not found any. *Maynard* v. *Briggs,* 26 Vt. 94.

The opinion of the court was delivered by

BARRETT, J. The auditor's report constitutes the case. That shows the plaintiff's charges to have been made for a retainer and for services actually rendered in pursuance of it. The bringing of that suit for Bailey against the defendant and trustee has an unfavorable and by no means agreeable look. But the report shows that the defendant invoked and had the services of the plaintiff after that suit was brought and defended, defendant's counsel not appearing to defend. The second item of charge is for that service, and not at all for what had occurred or been done prior to said default. The defendant seems to have condoned any impropriety or neglect of Gleason in respect to the bringing or attending to that suit of Bailey against him, and to have sought and had Gleason's services in closing out with Bailey. No error is seen in the judgment of the County Court, and it is affirmed.